No. 77–1831. Duncantell v. Texas. Ct. Crim. App. Tex. Certiorari denied. 

Mr. Justice Brennan, with whom Mr. Justice Marshall joins, dissenting.

Petitioner is a black political activist who was stopped by Houston police for a traffic offense. Police pulled petitioner from his car, handcuffed him, and searched his automobile. Upon the dashboard police found a matchbox containing marihuana. Petitioner was convicted of possession of marihuana and sentenced to seven years.

Petitioner challenges the search of the matchbox on Fourth Amendment grounds. The Texas Court of Criminal Appeals rejected this claim. 563 S. W. 2d 252 (1978) (en banc). The court credited police testimony that petitioner had appeared intoxicated at the time of the arrest, reasoned that the intoxication could have resulted from drug use, and concluded that police thus had probable cause to search petitioner's car for drugs.

This jerry-built justification surely requires review by a federal forum. Police smelled alcohol on petitioner's breath

at the time of the arrest. They had no basis, therefore, for supposing that petitioner's alleged intoxication was the result of drug rather than alcohol use. Hence, the police claim of probable cause to inspect the contents of petitioner's matchbox is patently suspect.

Were it not for the Court's decision in *Stone* v. *Powell*, 428 U. S. 465 (1976), I would not dissent. But for that decision petitioner could have sought federal forum review in federal habeas corpus. The limitation that *Stone* has placed upon federal habeas jurisdiction to redress Fourth Amendment violations denies petitioner that remedy. Thus, this Court may well be the only federal forum with jurisdiction to review ʾpetitioner's Fourth Amendment claim. Because the Court declines to exercise jurisdiction, the denial of petitioner's Fourth Amendment rights may well stand forever uncorrected.

I would grant certiorari in this case so that the constitutional error of the Texas Court of Criminal Appeals can be corrected. More generally, I believe that, so long as *Stone* v. *Powell* remains the law, this Court is obliged to take a more active role in reviewing the denial of Fourth Amendment claims by state courts. We can no longer content ourselves with the articulation of general principles. Rather, if federal law in this area is to remain uniform and supreme, we must undertake the task of error correction previously performed by the district courts. In other words, I see no escape from plenary review whenever state courts deny criminal defendants rights guaranteed by the Fourth Amendment of the United States Constitution.

The Court's denial of certiorari in the present case reinforces, for me, "the notorious fact that our certiorari jurisdiction is inadequate for containing state criminal proceedings within constitutional bounds" and underscores Congress' wisdom, rejected by this Court in *Stone* v. *Powell*, "in mandating a broad federal habeas jurisdiction for the district courts." *Id.*, at 534 (BRENNAN, J., dissenting).